IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY ANDRIS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. _____ |
| | : | |
| ABINGTON JEFFERSON HEALTH | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Abington Memorial Hospital ("Defendant") (incorrectly identified as "Abington Jefferson Health"), with full reservation of all defenses, objections, and exceptions, hereby removes this action from the Court of Common Pleas of Montgomery County, Pennsylvania, where it is pending as Docket No. 2020-18934, to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Defendant avers as follows:

1.      On or about November 11, 2020, Plaintiff Timothy Andris ("Plaintiff") commenced this action by filing a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, captioned *Timothy Andris v. Abington Jefferson Health*, Docket No. 2020-18934  ("the State Court Action").

2.      Plaintiff served the Complaint in the State Court Action on Defendant on November 18, 2020.  This Notice of Removal is being filed within thirty (30) days after receipt of service of the Complaint as required by 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the State Court Action are attached hereto as **Exhibit A**.

## GROUNDS FOR REMOVAL
### FEDERAL QUESTION

4.      A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties.  28 U.S.C. § 1441(b).

5.      The Complaint is properly removed because Claim I and Claim II of the Complaint seek to enforce claims or rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, a law of the United States.  *See* 28 U.S.C. §§ 1331, 1441(b).

6.      The Complaint is also properly removed because the district court has supplemental jurisdiction over Claims III and IV of the Complaint, which seek to enforce claims or rights under the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951 *et seq.* and are so related to claims brought pursuant to the Americans with Disabilities Act, such that that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. § 1441(a) because the United States Court for the Eastern District of Pennsylvania is the federal district embracing the Court of Common Pleas of Montgomery County.

8.      This Notice is timely, as it is being filed within thirty (30) days after receipt of service of the Complaint.  *See* 28 U.S.C. 1446(b).

9.    True and correct copies of this Notice of Removal will be promptly filed with the Prothonotary of the Court of Common Pleas of Montgomery County and served upon Plaintiff's counsel of record, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes the above-described action from the Court of Common Pleas of Montgomery County of the Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

_____
Christopher J. Moran (I.D. 68142)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteen and Arch Streets
Philadelphia, PA  19103-2799
215.981.4169

*Attorneys for Defendant Abington Memorial Hospital*

Dated: December 7, 2020

**CERTIFICATE OF SERVICE**

I, Christopher J. Moran, hereby certify that on December 7, 2020 a true and correct copy of the foregoing Notice of Removal was served via e-mail and the Court's electronic filing system upon the following:

Ethan R. O'Shea, Esquire
Attorney ID No. 69713
Hamburg, Rubin, Mullin, Maxwell & Lupin, PC
375 Morris Road
P.O. Box 1479
Lansdale, PA 19446-0773

*Attorneys for Plaintiff*

s/ Christopher J. Moran
CHRISTOPHER J. MORAN

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TIMOTHY ANDRIS

vs.

ABINGTON JEFFERSON HEALTH

NO. 2020-18934

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RECV'D MCSO MONT.CO.PA
2020 NOV 13  A 10:38

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TIMOTHY ANDRIS

vs.

ABINGTON JEFFERSON HEALTH

NO. 2020-18934

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  ETHAN R O'SHEA, Esq., ID: 69713

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**        ☐ Yes        ☒ No

**MDJ Appeal**        ☐ Yes        ☒ No

**Money Damages Requested** ☒

**Commencement of Action:**

Complaint

**Amount in Controversy:**

More than $50,000

Case 2:20-cv-06149-KSM   Document 1   Filed 12/07/20   Page 7 of 15

REC'V'D MCSO MONTCO, PA
2020 NOV 13 A 10: 38

## Case Type and Code

Contract:

Employment Dispute: Discrimination

**Other:**

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ETHAN R. O'SHEA, ESQUIRE
IDENTIFICATION NO. 69713
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
375 MORRIS ROAD
P.O. BOX 1479                            ATTORNEYS FOR PLAINTIFF
LANSDALE, PA 19446-0773
(215) 661-0400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

TIMOTHY ANDRIS                          :
509 West Heather Road                   :
Oreland, PA 19075                       :
                    Plaintiff           :
                                        :       CIVIL ACTION NO.: 2020-06662
                                        :       Jury Trial Demanded
                                        :
        v.                              :
                                        :
ABINGTON JEFFERSON HEALTH               :
1200 Old York Road                      :
Abington, PA 19001                      :
                    Defendant           :

### COMPLAINT

Plaintiff, Timothy Andris, by his attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin,

P.C., hereby files the above-captioned cause of action whereby the following is a true statement:

1.      Timothy Andris ("Mr. Andris" or "Plaintiff") is a 24 year old man, currently

residing at 509 West Heather Road, Oreland, Pennsylvania 19075.

2.      Abington Jefferson Health ("Abington") is a non-profit corporation operating

Abington Hospital located at 1200 Old York Road, Abington, Pennsylvania, Montgomery

County, 19001, which hospital employs more than fifteen people.

3.      Abington employed Mr. Andris as a part-time custodian from on or about

August, 2018 until his termination on or about May 21, 2019 .

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.      Mr. Andris obtained his employment at Abington with the assistance of AHEDD, a non-profit organization that provides employment services to people with disabilities. A career coach assisted Mr. Andris with the application and was present for the interview and job orientation.

5.      Mr. Andris suffers a cognitive disability, a medical condition known to Abington at all relevant times from hiring through termination. Specifically, Mr. Andris has an Intelligence Quotient of 70 +/- 5.

6.      Mr. Andris' medical condition is a disability within the meaning of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") because Mr. Andris is substantially limited in one or more major life activities, has a record of impairment, and/or is regarded by Abington as suffering from such condition.

7.      On May 7, 2019, while returning from the hospital cafeteria carrying lunch, Mr. Andris encountered two women in an elevator, both wearing Muslim dress, and who it is believed were observing Ramadan.. The women made a sarcastic remark about attacking Mr. Andris and taking his food. Upon information and belief, Abington employed neither woman.

8.      Due to his cognitive disability, Mr. Andris misinterpreted the sarcasm and became

scared and upset. Mr. Andris reported this incident to his supervisor, Daniel Mejia, and began to cry. Mr. Mejia told Mr. Andris that he could go home for the day.

9.      The next day, on May 8, 2019, Mr. Mejia and Abington's Human Resources Business Partner, Heather Samuels, met alone with Mr. Andris to question him about the May 7 incident.

2

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

10.     Abington did not provide Mr. Andris with a social security individual to assist him during this meeting, nor did Abington afford Mr. Andris the opportunity to seek assistance through his AHEDD career coach.

11.     In the meeting, Mr. Andris recounted his elevator interaction with the Muslim women, claiming they scared him when they said they would attach him and steal his food.

12.     While answering questions posed by Mr. Mejia and Ms. Samuels, Mr. Andris made comments they chose to interpret as disparaging to Muslims.

13.     Abington sent Mr. Andris home and asked him not to return to work until contacted by Abington.

14.     On May 28, 2019, Abington sent Mr. Andris a termination letter, citing an alleged violation of the Abington Jefferson Health Code of Conduct to "Treat All Members of the Jefferson Community with Respect," and the Employee Discipline Policy – Rules of Professional Conduct.

15.     Abington did not afford Mr. Andris any progressive discipline before terminating his employment.

16.     Mr. Andris interacted with only a few of Abington's employees and rarely interacted with hospital visitors.

17.     Mr. Andris had no history, previous complaints of, nor incidents related to: bigotry, anti-Muslim attitude, or negative interactions with other employees or hospital visitors.

18.     During his employment, Mr. Andris performed his job competently and dutifully, received numerous commendations for his work, and earned $17.25 per hour.

19.     Abington denied Mr. Andris a reasonable accommodation for his known disability by depriving him an opportunity to consult with his career coach during the May 8,

3

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2019 meeting, and failed to accommodate his misunderstanding of what was said in the elevator and subsequent comments toward Muslims which stemmed from his intellectual disability.

20.   Terminating Mr. Andris under these conditions is a product of Abington's settled attempt to discriminate against Mr. Andris due to his cognitive disability.

21.   Mr. Andris exhausted his administrative remedies under the PHRA and ADA.

22.   Mr. Andris timely filed a charge of discrimination with the Pennsylvania Human Rights Commission ("PHRC") and the Equal Opportunity Employment Commission ("EEOC") on November 4, 2019.

## **CLAIM I – ADA – (Disability Discrimination, Failure to Accommodate)**

23.   Plaintiff incorporates the averments in paragraphs 1 through 22 above as if same were set forth at length herein.

24.   Abington, through its agents, servants and employees, violated the ADA by discriminating against Mr. Andris on the basis of his actual and/or perceived disability and/or record of impairment, by failing to provide reasonable accommodations for his disability and terminating his employment for alleged comments made due to his disability.

25.   As a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris sustained damages resulting in termination of employment, causing him to suffer lost wages and lost future earnings power.

26.   Further, as a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris suffered severe emotional distress, embarrassment, humiliation, reputational harm and loss of self-esteem.

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CLAIM II – ADA – (Retaliation)

27.    Plaintiff incorporates the averments in paragraphs 1 through 26 above as if same were set forth at length herein.

28.    Abington violated the ADA, through its agents, servants and employees, by retaliating against Mr. Andris for comments made due to his cognitive disability.

29.    As a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris sustained damages resulting in termination of employment, causing him to suffer lost wages and lost future earnings power.

30.    Further, as a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris suffered severe emotional distress, embarrassment, humiliation, reputational harm and loss of self-esteem.

## CLAIM III – PHRA – (Disability Discrimination, Failure to Accommodate)

31.    Plaintiff incorporates the averments in paragraphs 1 through 30 above as if same were set forth at length herein.

32.    Abington, through its agents, servants and employees, violated the ADA by

discriminating against Mr. Andris on the basis of his actual and/or perceived disability and/or record of impairment, by failing to provide reasonable accommodations for his disability and terminating his employment for alleged comments made due to his disability.

33.    As a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris sustained damages resulting in termination of employment, causing him to suffer lost wages and lost future earnings power.

5

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

34.     Further, as a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris suffered severe emotional distress, embarrassment, humiliation, reputational harm and loss of self-esteem.

## CLAIM IV – PHRA – (Retaliation)

35.     Plaintiff incorporates the averments in paragraphs 1 through 34 above as if same were set forth at length herein.

36.     Abington violated the ADA, through its agents, servants and employees, by retaliating against Mr. Andris for comments made due to his cognitive disability.

37.     As a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris sustained damages resulting in termination of employment, causing him to suffer lost wages and lost future earnings power.

38.     Further, as a direct and proximate result of Abington's discriminatory employment practices which violate the ADA, Mr. Andris suffered severe emotional distress, embarrassment, humiliation, reputational harm and loss of self-esteem.

**WHEREFORE**, Plaintiff requests the Court grant him the following relief against Abington;

(a)     Compensatory Damages in the nature of back pay at a rate of pay with other benefits and emoluments of employment to which Mr. Andris would have been entitled had he not been subjected to unlawful discrimination;

(b)     Compensatory damages with an award of front pay, if appropriate;

(c)     Punitive Damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

6

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(d)     Payment of pre and post judgment interest, costs of suit and attorney fees

and expert witness fees as allowable by law;

(e)     Such other relief as is deemed just and proper.

## JURY TRIAL DEMANDED

Plaintiff Timothy Andris demands a trial by jury on all issues triable.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

BY: _____
       ETHAN O'SHEA, ESQUIRE
       Attorney for Plaintiff

Date:  November 11, 2020

7

{02948808;v1 }

Case# 2020-18934-0 Docketed at Montgomery County Prothonotary on 11/11/2020 11:09 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, TIMOTHY ANDRIS, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: 11/5/2020

TIMOTHY ANDRIS

Case 2:20-cv-06149-KSM   Document 1   Filed 12/07/20   Page 15 of 15

{02939290;v1 }